KNOLL, J.,
dissenting in part and concurring in part.
_JjI concur to comment on the irrelevance of respondent not having been charged with or convicted of any criminal offense. In my view, it is of no moment, nor does this lack of a criminal record for his conduct constitute a mitigating factor. Respondent committed felonious conduct by using cocaine; he just did not get caught by law enforcement. We sanction conduct and we do not need a criminal charge or a conviction to do so. The use of illegal substances constitutes reprehensible conduct that degrades our time-honored profession. It certainly is not appropriate conduct for a prominent lawyer from a prominent law firm. It gives me pause that respondent’s apparent attitude is so cavalier. He should welcome this opportunity to clean up his act.
Concerning respondent’s sanction, I would impose a five-year period of probation subject to the condition that he fully comply with all obligations of his LAP recovery agreement.[1] Accordingly, with *1160 respect I dissent from the majority’s imposition of only a two-year period of probation.

. I recognize that a strict reading of Supreme Court Rule XIX, § 10(A)(3) does not provider for a five-year probationary period. Rather, that rule sets forth a maximum probationary period of four years, allowing the court to impose a two-year probationary period which is subject to renewal for another two years. Nonetheless, in cases where a lawyer has entered into a five-year LAP contract, we have imposed a corresponding five-year probationary period to ensure the lawyer fulfills his or her obligations under that program. See In re: Wheeler, 08-0616 (La.6/20/08), 983 So.2d 1250; In re: Tallón, 08-0179 (La.2/22/08), *1160 974 So.2d 1290; In re: Labourdette, 07-1653 (La.9/19/07), 964 So.2d 927.